**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DWAYNE REED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 CV 7736 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| COUNTY OF COOK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dwayne Reed ("Plaintiff") filed a complaint against Defendant Cook County ("Defendant") alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, and 42 U.S.C. § 1981. (Compl. ¶ 4.) Presently before us is Defendant's motion to dismiss the complaint. (Dkt. No. 9.) For the following reasons, we dismiss the complaint without prejudice and grant Plaintiff leave to file an amended complaint naming the correct defendant.

### BACKGROUND

The following factual allegations are taken from the complaint and are deemed true for the purposes of this motion to dismiss. *See MCM Partners, Inc. v. Andrew-Bartlett & Assoc., Inc.,* 62 F.3d 967, 972 (7th Cir. 1995). On May 7, 2009, the Cook County Juvenile Temporary Detention Center ("JTDC") terminated Plaintiff's employment. (Compl. ¶ 10.) Plaintiff's union filed a grievance and Plaintiff filed a complaint with the EEOC. (*Id.* ¶¶ 10–11.)

In response to the grievance, an arbitrator ordered JTDC to reinstate Plaintiff on May 7, 2010. (*Id.* ¶ 12.) JTDC did not comply with the order, so Plaintiff filed a complaint in the

Circuit Court of Cook County on July 6, 2011. (*Id.* ¶ 13.) The court entered judgment in Plaintiff's favor on February 10, 2012, ordering enforcement of the arbitration award. (*Id.* ¶ 15.)

Defendant rehired Plaintiff on March 7, 2012. (*Id.* ¶ 16.) Defendant claims to have mailed Plaintiff a letter with instructions regarding his reinstatement, but Plaintiff states that he did not receive the letter. (*Id.*) Plaintiff's supervisor told him he would need to take a test and reapply for his position. (*Id.*) It was not clear whether Plaintiff could reapply before he took the test. (*Id.* ¶ 18.) Plaintiff made several attempts to take the test, but he was never given clear instructions on how and when he could do so. (*Id.* ¶¶ 19–20.)

Defendant terminated Plaintiff again on April 24, 2012, based on the fact that he failed to reapply for his position by a specified date. (*Id.* ¶ 21–22.) Plaintiff alleges that this reason was pretext for racial discrimination. (*Id.* ¶ 22.) In response, Plaintiff filed another EEOC charge on June 26, 2012 and received a right to sue letter the following July 2. (*Id.* ¶ 23.)

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). A sufficient complaint need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S.

at 555, 127 S. Ct. at 1964–65; *Killingsworth*, 507 F.3d at 618–19. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957)); *see also* Fed. R. Civ. P. 8(a). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002).

## ANALYSIS

Defendant argues that "Cook County is not a proper defendant in this lawsuit," because it was not Plaintiff's employer at the time of the alleged discrimination. (Mot. at 6.) In the course of litigation concerning unconstitutional conditions of confinement at JTDC, this district court appointed a Transitional Administrator ("TA") to assume authority over JTDC. *Doe v. Cook County*, No. 99 C 3945 (N.D. Ill. filed Aug. 14, 2007).[1] As Defendant points out, the TA acts as federal agent with complete control over personnel decisions at JTDC, operating through the Office of the Transitional Administrator ("OTA"). (Mot. at 2–3.) Under this arrangement, Cook County has no responsibility or control over Plaintiff's employment or the decisions of the TA. (*Id.* at 7–10.) Therefore, it can not be liable for any alleged violations of Title VII or § 1981. (*Id.* at 6–7.)

---

[1] Although this order falls outside of the four corners of the complaint, district courts may "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); *Brass v. Cook County,* No. 09 C 6873, 2011 WL 124251, at *1 (N.D. Ill. Jan. 14, 2011).

In *Brass v. Cook County*, Judge Holderman addressed this issue directly. No. 09 C 6873, 2011 WL 124251, at *6–7 (N.D. Ill. Jan. 14, 2011). In that case, the plaintiff brought Title VII and § 1983 claims arising out of her employment at JTDC against Cook County, Earl Dunlap in his capacity as TA, and Brenda Welch in her capacity as Deputy TA. *Id.* at *1. Judge Holderman dismissed the Title VII claims against Cook County on the grounds that it has no control over the decisions of the TA. *Id.* at *6. He allowed the claims to go forward, however, against Dunlap and Welch. *Id.* at *6–7. He found that Dunlap and Welch exercised sufficient supervisory authority over the plaintiff to be her employer within the meaning of Title VII.

We agree with Judge Holderman's analysis in *Brass* and dismiss the complaint with respect to Defendant Cook County. Under the unique circumstances of this case, it is entirely understandable that Plaintiff would make a mistake about which party to sue, particularly as he is proceeding at this point without the benefit of counsel. Therefore, the dismissal is without prejudice. We grant Plaintiff leave to file an amended complaint within 30 days of the entry of this order, naming the TA as Defendant.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is dismissed without prejudice. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: April 23, 2013

4